UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAKOTA LEE ZERBST,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA and<br>HUMAN SERVICES CENTER,<br><br>    Defendants. | CIV. 17-5074-JLV<br><br>ORDER |

Plaintiff Dakota Lee Zerbst, appearing *pro se*, filed a complaint alleging violations of his First Amendment rights. (Docket 1 at. p. 1). Mr. Zerbst also filed a motion to proceed without prepayment of fees and a financial affidavit. (Docket 3). Section 1915(a)(1) of Title 28 of the United States Code directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. 28 U.S.C. § 1915(a)(1). In his declaration, Mr. Zerbst indicates he currently has no assets and is homeless. (Docket 3). The court finds Mr. Zerbst indigent within the meaning of § 1915(a)(1). Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
>     . . .
>         (B) the action or appeal--
>             (i)    is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application to determine whether the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief. Thus, the court is required to screen a *pro se* complaint as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief.[1] "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"[P]ro se complaints are to be construed liberally . . . ." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Plaintiff's complaint, liberally construed, sets forth a cause of action under 42 U.S.C. § 1983 and seeks monetary damages and injunctive relief. (Docket 1 at pp. 3-5). But Mr. Zerbst seeks relief against defendants who are immune from suit.

---

[1] It is unclear from Mr. Zerbst's filings whether he is currently a prisoner. He bases his complaint on events he alleges occurred when he was in jail. (Docket 1 at p. 5). But his listed address is not a jail facility. Id. at p. 2. Either way, the court screens his complaint the same. See Key v. Does, 217 F. Supp. 3d 1006, 1007-09 (E.D. Ark. 2016) (holding § 1915(e)(2) authorizes screening and pre-service dismissal of both prisoner and non-prisoner *pro se* complaints).

Defendant Human Services Center, also referred to as the South Dakota Human Services Center, is a facility owned and operated by the State of South Dakota as an arm of the South Dakota Department of Human Services. SDCL § 27A-4-1. Plaintiff does not name as defendants any doctors, staff, or administrators of the Human Services Center. The remaining defendant Mr. Zerbst names is the State of South Dakota.

The Eleventh Amendment shields the State of South Dakota from Mr. Zerbst's § 1983 claim. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 63-64 (1989). The Human Services Center, as a state agency, is immune from suit. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). "[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." Quern v. Jordan, 440 U.S. 332, 337 (1979); Will, 491 U.S. at 64. Mr. Zerbst has not identified a waiver of this immunity. Regardless of the relief Mr. Zerbst seeks, the Eleventh Amendment blocks his claims against the State of South Dakota. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996) ("But we have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). The court dismisses Mr. Zerbst's complaint because it is frivolous and seeks monetary relief from defendants immune to this type of claim. See 28 U.S.C. §§ 1915(e)(2)(i) & (iii), 1915A(b); see also Sullivan v. Ford, 828 F. Supp. 480, 482 (E.D. Mich. 1993) (finding a claim against immune defendants was frivolous). Accordingly, it is

3

ORDERED that Mr. Zerbst's motion for leave to proceed without prepayment of fees (Docket 3) is granted.  Mr. Zerbst may prosecute this action to its conclusion without prepayment of costs or fees.  Any recovery in this action by Mr. Zerbst shall be subject to the repayment of costs and fees, including service of process fees and the $350 filing fee.

IT IS FURTHER ORDERED that Mr. Zerbst's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Mr. Zerbst's motion to appoint counsel (Docket 4) is denied as moot.

Dated October 16, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE